```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**KATHRYN A. BENNETT,**

        **Plaintiff,**

  vs.                                   **Civil Action 2:12-CV-07**
                                          **Judge Frost**
                                          **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## OPINION AND ORDER

This action seeks review of the administrative decision denying plaintiff's application for disability insurance benefits. On February 4, 2013, the United States Magistrate Judge recommended that the decision of the Commissioner of Social Security be affirmed and that the action be dismissed. *Report and Recommendation*, Doc. No. 15. This matter is now before the Court on plaintiff's objections to that recommendation. *Plaintiff's Objections to Magistrate Judge King's Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 16. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The administrative law judge found that plaintiff's severe impairments consist of chronic fatigue syndrome, posttraumatic stress disorder, a history of migraine headaches, and poly-substance abuse in partial remission. *PAGEID* 126. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment. *PAGEID* 127. Specifically, the administrative law judge

found that plaintiff's "mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06." *Id*. The administrative law judge considered, *inter alia*, *plaintiff's* activities of daily living, social functioning, and episodes of decompensation and concluded that plaintiff did not meet the "paragraph B" or "paragraph C" criteria of the Listings. *PAGEID* 127-28.

The administrative law judge also found that plaintiff had the residual functional capacity ("RFC") to perform light work, except that she is limited to lifting/carrying 10 pounds frequently and/or 20 pounds occasionally and she cannot perform work that requires standing, sitting, and/or walking for more than 6 hours in an eight-hour workday. *PAGEID* 128. She can kneel, crouch, crawl, and/or use stairs frequently, but may use ladders only occasionally. *Id*. Plaintiff is also limited to work that is not fast-paced and is without strict, time-related tasks; the work must not require more than superficial contact with coworkers and must not entail change in setting or assignment more than occasionally. *Id*. Although this RFC precluded plaintiff's past relevant work, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is able to perform a significant number of jobs in the national economy. *PAGEID* 132-33. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act. *PAGEID* 133.

In the *Statement of Errors* considered by the Magistrate Judge, plaintiff argued, *inter alia*, that the administrative law judge failed

2

to evaluate the combination of plaintiff's impairments pursuant to 20 C.F.R. § 404.1523.  *Statement of Errors*, Doc. No. 12, pp. 9-10.  In rejecting this argument, the Magistrate Judge found that "[t]he administrative law judge expressly referred to the 'combination of [plaintiff's] impairments,' *Page ID* 126, and therefore met his obligation in this regard."  *Report and Recommendation*, pp. 11-12 (quoting *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306 (6th Cir. 1990)).

Plaintiff's objections "reassert[] the [same] objections raised in her statement of errors."  *Plaintiff's Objections*, p. 2.  Plaintiff also argues that the administrative law judge erred by "merely referring" to plaintiff's combined impairments and not fully developing the record with "the clarity and specification required for [p]laintiff to understand the reasoning behind the decision."  *See id*. at pp. 2-3.

Plaintiff's objections are without merit.  The administrative law judge thoroughly evaluated the medical evidence and found that plaintiff's "mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06."  *PAGEID* 127.  The administrative law judge's statement that he considered plaintiff's combined impairments is sufficient to satisfy the requirements of § 404.1523.  *See Loy*, 901 F.2d at 1310 ("An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings.") (quoting

3

*Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  *See also Malone v. Comm'r of Soc. Sec.*, No. 12-3028, 2012 U.S. App. LEXIS 24749, at *4-5 (6th Cir. Nov. 29, 2012); *Hunt v. Comm'r of Soc. Sec.*, No. 97-1950, 1998 U.S. App. LEXIS 28292, at *6 (6th Cir. Nov. 4, 1998); *Hodge v. Sec'y of Health & Human Servs.*, No. 94-5814, 1995 U.S. App. LEXIS 2154, at *3 (6th Cir. Feb. 1, 1995) ("[The plaintiff's] first argument, that the Secretary did not take into account all of his impairments in combination and did not consider the whole record, is belied by what is plainly stated in the ALJ's decision."); *Schauf v. Sec'y of Health & Human Servs.*, No. 93-5658, 1993 U.S. App. LEXIS 32654, at *3-4 (6th Cir. Dec. 10, 1993); *Bollman v. Sec'y of Health & Human Servs.*, No. 91-3397, 1991 U.S. App. LEXIS 26378, at *4 (6th Cir. Oct. 31, 1991).  Moreover, a fair reading of the administrative law judge's decision confirm that he considered plaintiff's combined impairments.  In considering plaintiff's RFC, the administrative law judge "considered all the symptoms," including pain, he based his credibility determination "on a consideration of the entire case record," he found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," and, at times, he expressly considered plaintiff's impairments together.  *See PAGEID* 128-30 ("The claimant's daily activities . . . are somewhat restricted by her alleged chronic fatigue syndrome, joint pain, insomnia and history of migraines.")(emphasis added).

    The Court has carefully considered plaintiff's objections, as well as the entire record in this action.  For the foregoing reasons

4

and for the reasons articulated in the *Report and Recommendation*, the Court concludes that those objections are without merit; the administrative law judge did not err in considering plaintiff's combined impairments.

*Plaintiff's Objections*, Doc. No. 16, are **OVERRULED**.  The *Report and Recommendation*, Doc. No. 15, is **ADOPTED AND AFFIRMED.**  The decision of the Commissioner of Social Security is **AFFIRMED**.  This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

    /s/ Gregory L. Frost
Gregory L. Frost
United States District Judge